TYLER R. ANDREWS
Nevada Bar No. 9499
JASON K. HICKS
Nevada Bar No. 13149
GREENBERG TAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Fax: (702) 792-9002
Email: andrewst@gtlaw.com
hicksja@gtlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DELTA S INVESTMENT FACILITY, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> VINCENT PLUVINAGE, an individual, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT** <br><br> **[JURY TRIAL DEMANDED]** |

Plaintiff Delta S Investment Facility, LLC, a Nevada limited liability company, by and through its attorneys, Greenberg Traurig, LLP, hereby complains and alleges against Defendant Vincent Pluvinage as follows:

**THE PARTIES**

1. Plaintiff Delta S Investment Facility, LLC ("Plaintiff" or "Delta S") is, and at all times relevant hereto was, a Nevada limited liability company.

2. Plaintiff is informed, believes, and alleges that Defendant Vincent Pluvinage ("Defendant" or "Pluvinage") is, and at all times relevant hereto was, an individual residing in Atherton, California.

**JURISDICTION AND VENUE**

3. Jurisdiction is vested in this Court pursuant to Tyler as complete diversity exists between the parties and the amount in controversy in this matter exceeds $75,000.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the instant claims occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

5. Delta S is an investment holding company that owns and holds various investments including shares of stock, interests in limited liability companies and notes receivable, and derives income from such investments.

6. Pluvinage is a member of the non-party entity Invention Investment Fund ("IIF") whose profit interest payments are made to Pluvinage via the non-party entity Intellectual Ventures Management, LLC.

7. Pluvinage's ownership of IIF shares entitled him to certain distributions on such shares.

8. In early 2010, Pluvinage approached Delta S and its principals and requested a personal loan in the amount of $100,000.00 to help him cover various personal expenses. The proposed loan would be repaid through submission to Delta S of increasing percentages of Pluvinage's annual IIF distribution payments each year, until the loan was fully satisfied.

9. On or around February 26, 2010, Delta S and its principals agreed to the short-term personal loan proposed by Pluvinage with interest accruing per annum (the "Loan"). The $100,000.00 principal was transferred to Pluvinage from Delta S by wire on March 1, 2010.

10. The repayment terms for the Loan were proposed in writing by Pluvinage and accepted by Delta S. The first $20,000 of the Loan was to be repaid by Pluvinage by no later than February 1, 2011. This initial payment represented approximately 25% of Pluvinage's December 2010 IIF net distribution.

11. The repayment terms of the Loan further specified that 50% of Pluvinage's 2011 IIF net distribution, and 75% of Pluvinage's 2012 IIF net distribution, would be submitted to Delta S, along with 100% of any remaining IIF net distributions necessary until the Loan was fully satisfied.

12. Pluvinage failed to repay the Loan by February 1, 2011, as originally required.

/ / /

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

LV 421264151v2

13. In or around May 2014, the Parties agreed in writing to an amended repayment schedule wherein Pluvinage agreed to pay the full balance due on the Loan on or before on December 30, 2014.

14. Upon information and belief, Pluvinage has received annual IIF net distributions since the Loan and its amended repayment scheduled were executed. Despite these distributions, Pluvinage has failed to make any of the required payments on the Loan to Delta S.

15. Pluvinage has failed to repay any of the principal or accrued interest due and owing under the terms of the Loan. No extension or modification of the Loan beyond its December 30, 2014 amended repayment schedule has been entered into by either party.

16. Delta S has notified Pluvinage of his breach of the terms of the Loan on several occasions, and has repeatedly requested the prompt repayment of the Loan in full. To date, Pluvinage has either promised payment, but failed to deliver, failed to respond to these requests, and/or otherwise refused to submit any portion of the amount due to Delta S.

17. As such, litigation has become necessary and Delta S has been forced to incur attorney's fees and costs as a direct and proximate result of Pluvinage's breach.

## FIRST CAUSE OF ACTION

### Breach of Contract

18. Delta S repeats and incorporates the allegations contained in paragraphs 1-17 above as though fully set forth herein.

19. The Loan is a valid written contract fully enforceable according to its terms.

20. Delta S has performed all of the conditions and covenants required of it to be performed under the Loan.

21. Pluvinage breached this Loan by the conduct described above including, but not limited to, his failure to make complete and timely payment under the terms of the Loan and its amended repayment schedule, and the loan remains unpaid today.

22. As a direct and proximate result of Pluvinage's conduct as set forth herein, Delta S has incurred damages in an amount to be determined at trial, including (i) all outstanding principal plus interest accrued through maturity at the contract rate; (ii) pre-judgment interest as of the date of

1  default at the applicable statutory rate until paid or judgment is entered; (iii) post-judgment interest
2  as applicable; and (iv) attorneys' fees and costs.

### SECOND CAUSE OF ACTION

**Breach of the Covenant of Good Faith and Fair Dealing**

23. Delta S repeats and incorporates the allegations contained in paragraphs 1-22 above as though fully set forth herein.

24. The agreement between Delta S and Pluvinage contained an implied covenant of good faith and fair dealing by and between the parties that prohibits them from engaging in any activity or conduct that is unfaithful to the purpose of the contract.

25. Pluvinage, in acting or failing to act as alleged above, breached the implied covenant of good faith and fair dealing.

26. As a direct and proximate result of Pluvinage's conduct as set forth herein, Delta S has incurred damages in an amount to be determined at trial, including (i) all outstanding principal plus interest accrued through maturity at the contract rate; (ii) pre-judgment interest as of the date of default at the applicable statutory rate until paid or judgment is entered; (iii) post-judgment interest as applicable; and (iv) attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages in an amount to be proven at trial of no less than $100,000 plus accrued interest per the terms of the note through the final maturity, plus pre-judgment interest at the applicable statutory rate calculated from the date of Defendant's default as set forth herein;

2. For attorneys' fees and costs incurred in connection with this litigation;

3. For post-judgment interest as applicable; and

///
///
///
///

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1     4.     For any other amounts and relief as may be awarded by the Court.

2     DATED this 10th day of January, 2019.

GREENBERG TRAURIG LLP

*/s/ Jason K. Hicks*
_____
TYLER R. ANDREWS
Nevada Bar No. 9499
JASON K. HICKS
Nevada Bar No. 13149
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

5

*LV 421264151v2*